USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/15/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

DANNY RAMIREZ CRUZ GUERRERO and
CRISTOPHER ISMAEL RAMIREZ MOREL, on
behalf of themselves and all others similarly
situated,

                          Plaintiffs,

          -against-

MONTEFIORE HEALTH SYSTEM, INC. and CSS
BUILDING SOLUTIONS INC.,

                       Defendants.

-------------------------------------------------------------------------X

Case No. 22 Civ. 09194(KHP)

## ORDER GRANTING FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT AND ENTERING FINAL JUDGMENT

This matter came on for hearing upon the Court's Order on January 15, 2025 following the Class Representatives' unopposed motion for final approval of the settlement in this action. Due and adequate notice having been given to the Class Members (as defined below), and the Court having considered all papers filed and proceedings had herein and all oral and written comments received regarding the proposed settlement, and having reviewed the record in the above captioned matter, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

a.      The Court has jurisdiction over the subject matter of the above-captioned action, the named Plaintiffs Danny Ramirez Cruz Guerrero and Cristopher Ismael Ramirez Morel (together, "Class Representatives"), Montefiore Health System, Inc. and CSS Building Solutions Inc. (collectively, "Defendants"), and all Class Members, which consists of all individuals who were employed by CSS Building Solutions Inc. ("CSS")

and performed cleaning services at facilities operated by Montefiore Health System, Inc. at any time from March 13, 2016, to October 27, 2022 (collectively, the "Class Members").

b.        The term "Stipulation" refers to the Settlement Agreement and Release the Parties filed in this case in connection with their application for preliminary approval of this matter, and, unless otherwise defined, all capitalized terms in this Judgment have the same meanings set forth in the Stipulation.

c.        The Court grants final approval of the Parties' Settlement on the terms set forth in the Stipulation.

d.        The Court finds that the distribution of the Notices of Proposed Class and Collective Action Settlement ("Notice") constituted the best notice practicable under the circumstances to all Class Members and fully met the requirements of due process under the United States Constitution and applicable state laws.  Based on evidence submitted in conjunction with the Final Settlement Approval Hearing, the actual notice to the Settlement Class was adequate.  These papers informed Class Members of the terms of the Settlement, their rights to receive a share of the settlement proceeds, their rights to object to the Settlement or to elect not to participate in the Settlement and pursue their own remedies, and their rights to appear in person or by counsel at the Final Settlement Approval Hearing and be heard regarding approval of the Settlement. None of the Settlement Class Members objected to or opted out of the Settlement.

e.        The Court previously found, for settlement purposes only, that the proposed Class meets all requirements of Rule 23 of the Federal Rules of Civil Procedure and for collective action certification under Section 216(b) of the Fair Labor Standards Act.  *See* ECF No. 96.

f.        The Court approves the settlement of the above-captioned action, and each of the releases and other terms set forth in the Stipulation, as fair, just, reasonable and

adequate as to the Settlement Class, the Class Representative, and Defendants (collectively, "Settling Parties").  The Settling Parties and the Settlement Administrator are directed to perform in accordance with the terms set forth in the Stipulation.

g.       The Settling Parties are to bear their own attorneys' fees and costs, except as otherwise provided in the Stipulation.  Each Class Member who has not validly and timely requested exclusion from the Settlement by opting out, including the Class Representatives, is considered a Participating Class Member.  Each Settlement Class Member who timely negotiates and/or deposits his or her Settlement Check, including the Class Representatives, is considered an "FLSA Collective Member."

h.       By operation of this Judgment, all Participating Class Members and FLSA Collective Members shall have fully, finally, and forever released and discharged the Released Parties (as defined in the Stipulation) from the Released Claims defined as all wage and hour claims asserted, or wage and hour claims that could have been asserted, under federal or state laws by and on behalf of the Class Members in the Action, including but not limited to all claims arising under the New York Labor Law and the Fair Labor Standards Act or any of the regulations promulgated thereto. The Released Claims include all claims under federal or state laws for minimum wages, overtime wages, spread of hours, uniform maintenance, split shifts, call-in or reporting time pay, missed meal or rest periods, and any related wage and hour claims, all claims for liquidated damages, penalties available under the FLSA or NYLL, interest on such claims, and attorneys' fees and costs related to such claims through the date that this Agreement is executed by all parties.

i.       The Action is dismissed on the merits and with prejudice, permanently barring the Class Representatives and all Participating Class Members from filing, commencing, prosecuting, or pursuing the claims released by the Stipulation, whether or

not on a class or collective action basis, or participating in any class or collective action involving such claims.

j.      The Court hereby confirms the appointment of Danny Ramirez Cruz Guerrero and Cristopher Ismael Ramirez Morel as Class Representatives.

k.      The Court hereby confirms the appointment of Pechman Law Group PLLC as Class Counsel for purposes of Settlement.

l.      The Court hereby confirms the appointment of Rust Consulting Inc. as Claims Administrator to carry out the procedures and directives set forth in the Stipulation.

m.      The Court finds that the plan of allocation set forth in the Stipulation is fair and reasonable and that distribution of the Settlement Amount to Participating Class Members, Class Counsel, the Claims Administrator, and the Class Representatives shall be done in accordance with the terms outlined in the Class Notice and Stipulation. Pursuant to the Class Notice and Stipulation, CSS shall pay One Million Eight Hundred Thousand Dollars and Zero Cents ($1,800,000.00) to fund a Qualified Settlement Fund. Other than CSS's payment to the Qualified Settlement Fund, payment of employer payroll taxes, and mailing of CAFA notices, Defendants and the Released Parties shall not be required to make any other payments in connection with the Settlement. The following payments shall be paid out of the Qualified Settlement Fund: (i) all settlement payments; (ii) Class Counsel's approved attorneys' fees and costs in this matter; (iii) service awards to the Class Representatives in a combined gross total amount of $25,000, $15,000 payable to Danny Ramirez Cruz Guerrero and $10,000 payable to Cristopher Ismael Ramirez Morel; and (iv) settlement administration fees of $17,802 payable to Rust Consulting Inc.  The Court finds that these payments are fair and reasonable. Accordingly, the Court hereby awards to Class Counsel for attorneys' fees of $600,000

and costs of $5,149 as of the date of disbursement. The enhancement awards to the Class Representatives, as set forth above, are approved. The settlement administration fee of $17,802 to Rust Consulting Inc. is approved. The Settlement Claims Administrator will provide verification to Class Counsel and Defendants' Counsels that it has distributed the Settlement Checks, (2) retain copies of all of the endorsed Settlement Checks with releases, and (3) provide Defendants' Counsels with the original or copies of the endorsed Settlement Checks in accordance with the Stipulation.

n.      Defendants are directed to deposit the Settlement Amount by January 1, 2025, in accordance with the terms of the Stipulation. The payment set forth above shall be paid to all recipients, per the terms of the Stipulation. Those payments come out of the Qualified Settlement Fund provided for in the Stipulation. After deducting the foregoing, the remaining amount shall constitute the Net Settlement Fund. The Settlement Administrator shall distribute Settlement Checks to the Participating Class Members for his or her pro rata share.

o.      If, after the last date for Participating Class Members to cash their Settlement Checks has expired, the total value of the uncashed Settlement Checks exceeds $50,000, the Class Administrator shall perform a second distribution to Participation Class Members on a *pro rata* basis using the percentages provided by Class Counsel. Thereafter after the time to cash the second round of Settlement Checks has expired, the value of the unclaimed Settlement Checks shall be returned to CSS as set forth in the Stipulation.

p.      This matter is hereby dismissed with prejudice. The Court incorporates into this Judgment by reference all terms in the Stipulation and reserves and retains exclusive and continuing jurisdiction over the Action, the Class Representatives, the Class Members, Class Counsel, the Claims Administrator, and Defendants for the

purposes of supervising the implementation, effectuation, enforcement, construction, administration and interpretation of the Settlement and this Judgment.

q.    This document constitutes a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Dated:    New York, New York

January 15, 2025

_____
**HON. KATHARINE H. PARKER**
**UNITED STATES MAGISTRATE JUDGE**

6